# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| SHANYA BISHOP, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:23-cv-02366 |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

## COMPLAINT

Plaintiff, Shanya Bishop ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Ford Motor Company ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") for Defendant's sex-based discrimination against Plaintiff, Defendant's retaliation against Plaintiff, and for subjecting Plaintiff to sexual harassment in violation of Title VII.

2. This lawsuit also arises under Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") for Defendant's interference with Plaintiff's FMLA rights.

3. This lawsuit also arises under the Illinois Worker's Compensation Act, 820 ILCS 305/4(h) ("IWCA") for Defendant's retaliation for Plaintiff exercising her rights under workers' compensation.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This action

is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq.* and Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*.

5. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6. Count V has pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

7. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

8. A charge of employment discrimination on basis of sex and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

9. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of her receipt of the EEOC's Notice of Right to Sue.

## PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Shanya Bishop resides in Cook County in the State of Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Ford Motor Company, is a company doing business in and for Cook County whose address is 12600 South Torrence Avenue, Chicago, IL 60633.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C § 2000e(f).

13. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

14. Plaintiff was hired by Defendant as an Assembler on or about August 26, 2019.

15. Plaintiff was subjected to sex discrimination and sexual harassment to the point that Plaintiff reported it to Defendant's complaint line, Human Resources, and Managers.

16. Shortly after Plaintiff began working for Defendant, on or around November 2019, while Plaintiff was working, Supervisor Irving Johnson approached her and said, "I got that $40 holla! (Inferring he would pay for sex)."

17. Plaintiff ignored Supervisor Johnson and looked away despite being humiliated by her Supervisor's sexual comment.

18. In or around December 2019, Supervisor Johnson approached Plaintiff and shared unsolicited information about, what kind of women he dates.

19. Supervisor Johnson shared that he does not trust women because his grandmother ran a brothel.

20. Supervisor Johnson in the same breath told Plaintiff, "All women are easy, you can pay any woman for sex."

21. Plaintiff told Supervisor Johnson, "I'm not interested in you or any of the information he is sharing with me; it was extremely uncomfortable."

22. Also in or around December 2019, Supervisor Johnson told Plaintiff, "I want you

to fuck Thomas Clark (electrician) so we can get a discount on our bill, also so he can pay for all the dates and I just get the p***y, make it easy for me to fuck you."

23. In response, Plaintiff told Supervisor Johnson, "Stop talking to me like that, I'm not interested in you or the shit you say, just stop and leave me alone."

24. Supervisor Johnson responded and said, "If a bitch costs me my job, I'm gonna beat her the fuck up."

25. Plaintiff reported all the incidents to the company complaint line and emailed complaints to Speak UP, Defendant's corporate complaint email address.

26. However, due to Defendant's failure to investigate and any take remedial measures, Plaintiff still had to work under Supervisor Irving and the sexual harassment continued throughout Plaintiff's employment.

27. On or around February 2020, as Plaintiff was cleaning the cars' headliners by squatting and bending, Electrician Supervisor Thomas Clark told Plaintiff, "I bet you are used to that position, the squatting, and bending."

28. Plaintiff yelled at Supervisor Clark for how he spoke to her after her numerous attempts to have him stop making sexual comments towards her.

29. Plant Manager Fred Jones immediately came over and told Plaintiff, "You are moving to another shift or losing your position."

30. Despite Plaintiff's numerous complaints of sexual harassment, her complaints were ultimately ignored.

31. Defendant contended that Plaintiff was "making a scene" due to Supervisor Irving's continuous sexual harassment and Defendant failed to keep Plaintiff safe from the sexual harassment and discrimination.

32. To note, Plant Manager Jones specifically protected Supervisor Clark due to their friendship outside of work and as a result, Plaintiff was adversely affected and retaliated against.

33. As a result of that incident, within about two weeks, Plaintiff was in fact transferred to a less desirable position in retaliation for opposing sexual harassment and discrimination.

34. On or around August 2020, Plaintiff filed a complaint with Human Resources Representative, Heather Lange regarding the ongoing sexual harassment and intimidation Plaintiff was being subjected to by Supervisor Irving.

35. On August 5, 2020, a group of employees including Plaintiff received sexual harassment training.

36. On August 6, 2020, Plaintiff reported the sexual harassment and retaliation via Defendant's hotline and email pursuant to the sexual harassment training Plaintiff received the day before.

37. On the very same day, Plaintiff was issued a write up for supposedly intentionally messing up cars, which was false and further evidence of Defendant's retaliatory conduct.

38. From then on, because the sexual harassment was so severe and pervasive, Plaintiff struggled with anxiety and the fear of retaliation.

39. Defendant also began another form of retaliation by denying Plaintiff from overtime from August 2020 through September 2020, when Plaintiff was injured on the job.

40. Plaintiff had so much stress and anxiety due to the ongoing retaliation that she requested FMLA leave in early September 2020.

41. Plaintiff's requested this medical leave under doctor's orders.

42. At the time of Plaintiff's request, Plaintiff worked for Defendant over a year and worked more than 1,250 hours.

43. Plaintiff's FMLA request was denied almost immediately despite Plaintiff providing a detailed order from her doctor detailing why she needed medical leave.

44. Defendant interfered with Plaintiff's rights by denying Plaintiff from exercising her FMLA rights.

45. The FMLA denial also is another form of retaliation for reporting the sexual harassment and discrimination.

46. Then on or about September 25, 2020, Plaintiff was injured on the job when a door carrier rolled over Plaintiff's feet, which broken toes and nerve damage.

47. Plaintiff exercised her Illinois workers' compensation rights by filing a work compensation claim.

48. Plaintiff was out of work for the injury until on or about December 13, 2020, which Plaintiff was only able to work one day due to the injury still preventing Plaintiff from work.

49. Nonetheless, Plaintiff returned on January 13, 2021 and Defendant sent home Plaintiff due to restrictions not having an end date.

50. To Plaintiff's knowledge her restrictions not having an end date did not prevent her from performing light duty.

51. Then on January 14, 2021, Plaintiff called into work.

52. On or about January 15, 2021, Plaintiff was terminated due to her calling off despite being told she was not allowed to work without an end date of her restrictions.

53. Plaintiff's termination was pre-text.

54. Defendant's failure to follow its progressive discipline policy is an indication that Plaintiff's termination was in retaliation for engaging in protected activity under Title VII and Illinois Worker's Compensation Act.

55. Plaintiff suffered multiple adverse employment actions including, but not limited to being, transferred to a less desirable positon, written up, denied overtime, and being terminated due to her sex, and workers' compensation claim.

56. Furthermore, Defendant's retaliation against Plaintiff would not have happened but for her being a female.

57. Accordingly, Plaintiff can show that she was treated less favorably than other similarly situated male employees who made complaints or who worked under Supervisor Irvin and Clark.

58. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- because Plaintiff lodged multiple complaints directly to Defendant's Supervisors, Human Resources, and Defendant's complaint hotline.

59. Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT I
### Violation of Title VII of the Civil Rights Act of 1964
### (Sexual Harassment)

60. Plaintiff repeats and re-alleges paragraphs 1-59 as if fully stated herein.

61. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of her sex, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

62. Defendant knew or should have known of the harassment.

63. The sexual harassment was severe or pervasive.

64. The sexual harassment was offensive subjectively and objectively.

65. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to her sex, female.

66. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

67. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

68. Plaintiff repeats and re-alleges paragraphs 1-59 as if fully stated herein.

69. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

70. Due to Defendant's treating Plaintiff less favorably than similarly situated employees outside her protected class, and Defendant's effectively creating intolerable conditions of work due to the sexual harassment, Plaintiff was constructively discharged.

71. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

72. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of Title VII of the Civil Rights Act of 1964
### (Retaliation)

74. Plaintiff repeats and re-alleges paragraphs 1-59 as if fully stated herein.

75. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

76. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful sexual harassment which created a sufficiently severe or pervasive work condition in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

77. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

78. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of sex discrimination.

79. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

80. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the sexual harassment, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

81. Plaintiff was subjected to an adverse employment action (termination) for engaging in protected activity under Title VII.

82. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment

benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT IV
### Violation of Family and Medical Leave Act of 1993
### (FMLA Interference)

84. Plaintiff repeats and re-alleges paragraphs 1-59 as if fully stated herein.

85. On August 26, 2020, Plaintiff was eligible for FMLA leave.

86. At all times material, Plaintiff gave proper notice to her employer by informing them of her serious medical condition, which required to her to follow her doctor's order to prevent her serious medical condition to increase in severity.

87. Defendant controlled Plaintiff's work schedule and conditions of employment.

88. Plaintiff provided enough information for her employer to know that her potential leave may be covered by the FMLA.

89. Despite their knowledge of Plaintiff's medical condition and life threatening situation, Defendant denied Plaintiff from exercising her rights under FMLA. .

90. When Defendant denied Plaintiff's FMLA leave despite her eligibility, Defendant interfered with Plaintiff's rights under the FMLA.

91. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

92. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of Illinois Worker's Compensation Act, 820 ILCS 305/4(h)
### (Retaliation for Filing Workers' Compensation Claim)

93. Plaintiff repeats and re-alleges paragraphs 1-59 as if fully stated herein.

94. Plaintiff was an employee for Defendant on the date of the on the job injury (September 25, 2020)

95. At all times material, Plaintiff gave proper notice the Plaintiff filed a workers' compensation claim due to the on the injury.

96. Defendant controlled Plaintiff's work schedule and conditions of employment.

97. Defendant would not allow Plaintiff to work due to her having work restriction even though there was amply light duty work opportunities.

98. Plaintiff's termination was casually connected because Defendant's purported reason for Plaintiff's termination was because she called in, one day, which contradicts the past month of not allowing to work when Plaintiff actually shows up for work and pleading for to be allowed to.

99. When Defendant denied her work opportunities and terminated Plaintiff, Defendant did so in retaliation for her filing a workers' compensation claim.

100. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

101. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 14th day of April, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
Bar No.: 6302103
**CHAD W. EISENBACK, ESQ.**
Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
ceisenback@sulaimanlaw.com
*Attorneys for Plaintiff*